THE KING *vs.* ALBERT LOOMENS.

EXCEPTIONS.

HEARING, DECEMBER 11, 1889.    DECISION, JANUARY 2, 1890.

JUDD, C.J., McCULLY, PRESTON, BICKERTON, DOLE, JJ.

A person holding a Commission as a Special Constable, unpaid, is not thereby disqualified from sitting as a Juror on a Criminal Trial.

OPINION OF THE COURT, BY PRESTON, J.

The prisoner, Albert Loomens, was convicted at the last October Term by the unanimous verdict of the jury, of the crime of treason.

A motion was subsequently made on behalf of the defendant for a new trial, on among other grounds, that "Two of the jurymen, to wit, M. N. Sanders and T. M. Starkey, held commissions as policemen of the police force of the Hawaiian Government."

The Chief Justice overruled the motion and the defendant's counsel excepted.

On the argument of the bill of exceptions, it was conceded

that T. M. Starkey did not hold a commission, and the argument was confined to the above quoted point only with respect to Sanders.

Previous to the juryman Sanders being sworn on the panel, he was examined on the *voir dire* as to his indifference and was accepted by the defendant, but it is alleged that the fact of the juryman holding a commission as constable was not then known to the defendant.

It appears by the affidavit of the Marshal that Sanders held a commission as a special constable without pay and conditioned that he should not be called upon to render any service except in case of an uprising or insurrection or other grave emergency.

### By the Court.

The only qualification of jurors by law is that they shall, in the opinion of the Chief Clerk of the Supreme Court, or the Clerks of the Circuit Courts respectively, or of some Judge of such Courts, be fit to serve as jurors.

The only persons exempted by statute are postmasters and their clerks, and by a recent Act certain officers and members of the Honolulu Fire Department.

It has been the practice for the Courts, in their discretion, to excuse officers of the Government and regular paid constables from service on juries, especially in criminal cases, but this discretion has been exercised also in excusing persons whom the Court, on examination, thought might be biased.

It may be that some Judges would, in their discretion, excuse a juryman in the position of the one in question, but it could not be on the ground that he was disqualified by law. In fact, this juryman was not bound by virtue of his commission to do any more than any other citizen might be called upon to do in case of emergency.

The verdict of the jury was unanimous, and we see no reason for disturbing it.

The exceptions are overruled.

*A. P. Peterson* and *F. M. Hatch*, for the Crown.

*A. Rosa*, for the defendant.